UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
THE TRUSTEES OF THE SOFT DRINK AND        ECF
BREWERY WORKERS UNION, LOCAL 812
RETIREMENT FUND,

                         Plaintiffs,                  **COMPLAINT**

         - against -                                  1:20-CV-  ()()

M&C DISTRIBUTOR, INC.,

                         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiffs, the Trustees (the "Trustees") of the Soft Drink and Brewery Workers Union, Local 812 Retirement Fund (the "Fund"), by their attorneys, Cary Kane LLP, respectfully allege as follows:

## NATURE OF THE ACTION

        1.       This action is brought by the Trustees in their capacities as fiduciaries of the Local 812 Retirement Fund (the "Fund") against M&C Distributor, Inc. ("M&C") a former participating employer which owes the Fund withdrawal liability payments pursuant to Sections 4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1381 through 1405 and 1451.

## JURISDICTION

        2.       The jurisdiction of this court is invoked pursuant to Sections 502(a) and (e) and Sections 4301(a) and (c) of ERISA, 29 U.S.C. §§ 1132(a) and (e), 1451(a) and (c).

## VENUE

        3.       As the Fund is administered at 455 Northern Boulevard, Great Neck, New York, which is within the Eastern District of New York, this action is properly brought in this district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## THE PARTIES

4. The Fund is an "employee pension benefit plan," an "employee benefit plan" and a "multiemployer plans" as those terms are defined by Sections 3(2), 3(3) and 3(37), respectively, of ERISA, 29 U.S.C. §§ 1002(2), 1002(3) and 1002(37).

5. The Fund was established pursuant to an Agreement and Declaration of Trust (the "Trust Agreement"). The Trust Agreement provides, *inter alia*, that interest shall be charged on any amount of defaulted withdrawal liability from the date the payment was due to the date it is paid at an annual rate equal to the prime rate charged by the Chase Manhattan Bank, NA on the first day of the calendar quarter preceding the due date of the payment, with interest charged for each succeeding twelve (12) month period that any amount in default remains at the prime rate in effect on the anniversary date of the date as of which the initial interest rate was determined. The Trust Agreement provides further than, in the event litigation is commenced to collect unpaid withdrawal liability, the defaulted employer shall also be liable for liquidated damages in an amount equal to the greater of (i) the amount of interest charged on the unpaid balance, or (ii) the maximum legal rate of interest permitted by law on the unpaid amount awarded, as well as attorney's fees and all costs, incurred in the action, as awarded by the Court.

6. The Plaintiff Trustees have been, at all times material hereto, the "plan sponsor" of the Fund, as that term is defined by Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B). The Trustees are "fiduciaries" of the Fund, as that term is defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

7. M&C was, at all times material hereto, an "employer," as that term is defined by Section 3(5) of ERISA, 29 U.S.C. §1002(5), with offices located, upon information and belief, at 117-02 15th Avenue, College Point, New York.

2

## **RELEVANT FACTS**

8. On or about April 1, 2011, M&C permanently ceased to have an obligation to make contributions to the Fund, causing a complete withdrawal from the Fund within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a). As a result, M&C incurred withdrawal liability within the meaning of Section 4201 of ERISA, 29 U.S.C. § 1381, *et seq*.

9. The Trustees requested that the Fund's actuary determine, pursuant to Section 4213 of ERISA, 29 U.S.C. § 1393, the withdrawal liability owed by M&C to the Fund. The Fund's actuary determined M&C's withdrawal liability due and owing the Fund to be $8,327.00.

10. Pursuant to Section 4219(b)(1) of ERISA, 29 U.S.C. § 1399(b)(1), and, by letter dated May 1, 2018 which was sent via Certified Mail, Return Receipt Requested, the Fund notified M&C that withdrawal liability was due to the Fund in the amount of $8,327.00 and demanded payment of withdrawal liability in quarterly payments of $1,700.50 each, with the first payment due no later than sixty days after the date of the letter (*i.e.*, July 1, 2018) (the "Beginning Date") and subsequent payments due every three months beginning on October 1, 2018, until a total of four (4) payments had been made, at which time a final quarterly payment of $1,639.00 was due and owing.

11. Notwithstanding the foregoing, M&C failed to remit the first quarterly payment due by the Beginning Date.

12. By letter dated July 2, 2018, which was sent via Certified Mail, Return Receipt Requested, M&C was advised that it had failed to either pay its obligation in full or begin remitting quarterly installments on the Beginning Date. M&C was further advised that if the company failed to cure its default within sixty (60) days of the letter, M&C would become liable for the entire amount of the unpaid withdrawal liability.

13. Notwithstanding the foregoing, M&C failed to remit payment to the Fund.

14. M&C failed to request review of any specific matter related to the determination of withdrawal liability or identify any inaccuracy in the determination of unfunded vested benefits in accordance with Section 4219(b)(2) of ERISA, 29 U.S.C. §1399(b)(2).

15. M&C failed to initiate arbitration of the withdrawal liability assessment as permitted by Section 4221(a) of ERISA, 29 U.S.C. §1401(a).

16. M&C failed to cure the foregoing default by remitting payment of its outstanding withdrawal liability payment on or before September 1, 2018.

17. As a result of its failure to cure its default, M&C is now liable to the Fund for the full amount of its withdrawal liability, to wit, $8,327.00.

## AS AND FOR A FIRST CAUSE OF ACTION

18. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 17 as if set forth fully herein.

19. Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), as a result of its default, M&C is now obligated to pay the Fund the entire amount of its withdrawal liability, to wit, $8,327.00.

20. Pursuant to Sections 502(g)(2), 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145 and 1451(b), and the Trust Agreement, M&C is also liable to the Fund for interest on the foregoing amount, liquidated damages, the costs of collection and attorneys' fees.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment against M&C, awarding the Fund:

(a) unpaid withdrawal liability in the amount of $8,327.00, as provided by ERISA Sections 502(g)(2)(A), 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(A), 1145 and 1451(b);

(b) interest on the unpaid withdrawal liability from the date payment was due through the date payment is made, as provided in the Trust Agreement and by ERISA Sections 502(g)(2)(B), 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1145 and 1451(b) in an amount determined in accordance with the Trust Agreement;

(c) liquidated damages as provided in the Trust Agreement and by ERISA Sections 502(g)(2)(C), 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C), 1145 and 1451(b) in an amount determined in accordance with the Trust Agreement;

(d) reasonable attorneys' fees and the costs of this action, as provided in the Trust Agreement and by ERISA Section 502(g)(2)(D), 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D), 1145 and 1451(b); and

(e) such other and further relief as the Court deems appropriate.

Dated: New York, New York
May 18, 2020

CARY KANE LLP

_____/s/_____
By: Owen M. Rumelt
*Attorneys for Plaintiffs*
1350 Broadway, Suite 2220
New York, New York 10018
(212) 868-6300